IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROSIE SMITH, Individually and on Behalf
of the Heirs at Law and Wrongful Death
Beneficiaries of CHARLIE SMITH, Deceased                               PLAINTIFF

vs.                                                                   No. 4:04CV341-D-B

KIA MOTORS CORPORATION; et al.                                       DEFENDANTS

OPINION GRANTING MOTION TO REMAND

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Sunflower County, Mississippi. Upon due consideration, the court finds that the motion should be granted and this cause remanded to state court for ultimate resolution.

*A. Factual Background*

On June 8, 2004, the Decedent Charlie Smith was driving a 1998 Kia Sportage when he was involved in a fatal single vehicle accident. The subject vehicle was manufactured by the Defendants Kia Motor Corporation and Kia Motors of America, Inc. (collectively "Kia") and sold to the Decedent by the Defendant Buddy Jones Ford Lincoln/Mercury, Inc. (Jones Ford). The Plaintiff filed this wrongful death action in the Circuit Court of Sunflower County, Mississippi, on August 31, 2004, asserting various products liability and negligence claims against both Kia and Jones Ford and seeking to recover compensatory and punitive damages. The Defendants subsequently removed the action to this court on the basis of diversity jurisdiction, alleging that the in-state Defendant Jones Ford has been improperly joined by the Plaintiff in order to defeat diversity. The Plaintiff subsequently motioned the court to remand this matter to state court.

*B. Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §1447(c). In the case *sub judice*, there is no dispute that the amount in controversy exceeds $75,000. The Plaintiff, however, asserts that the court does not possess diversity jurisdiction because this action is not between citizens of different states, as is required by 28 U.S.C. § 1332.

Here, the Plaintiff and the Defendant Jones Ford are indisputably citizens of the State of Mississippi. This fact, however, will not destroy federal diversity jurisdiction if the Plaintiff improperly joined[1] Jones Ford in order to defeat diversity. Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). But, if the court finds that Jones Ford has not been improperly joined, then federal diversity jurisdiction is lacking, and the court must remand this matter to state court. See Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992) (federal diversity jurisdiction exists only if no plaintiff is citizen of same state as any defendant); Wright v. Combined Ins. Co. of America, 959 F. Supp. 356, 361 (N.D. Miss. 1997).

---

[1]The Fifth Circuit has adopted the term "improper joinder," rather than "fraudulent joinder," and has stated that while there is no substantive difference between the two terms, the phraseology "improper joinder" is preferred. McDonal v. Abbott Laboratories, 408 F.3d 177, 180 (5th Cir. 2005).

The improper joinder doctrine constitutes "a narrow exception to the rule of complete diversity." McDonal v. Abbott Laboratories, 408 F.3d 177, 183 (5th Cir. 2005). The party alleging improper joinder bears the burden of persuasion, and that burden is quite stringent. See Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000) ("The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one."). In order to prove that a non-diverse party has been improperly joined by a plaintiff hoping to defeat federal diversity jurisdiction, the removing party must demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). Under the second prong of this test, the court examines "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004). If no reasonable basis of recovery exists, a conclusion may be drawn that the plaintiff's decision to join the local defendant was indeed improper, unless that showing compels dismissal of all defendants, in which case there is no improper joinder. McDonal, 408 F.3d at 183. Improper joinder has not occurred if a defense raised by the defendants compels the same result for the resident and nonresident defendants, because this would simply mean that the plaintiff's case is ill founded as to all the defendants rather than just as to the resident defendants. Id. In other words, if the showing of no possibility of recovery against the local defendant applies equally to all claims against all defendants, remand is appropriate. Id.

The Defendants here do not allege outright fraud, so the court must determine whether "there is any reasonable basis for predicting that [the Plaintiff] might be able to establish [the non-diverse

Defendant's] liability on the pleaded claims in state court." Travis, 326 F.3d at 647. In making this determination, the court evaluates all of the factual allegations in the Plaintiff's pleadings in the light most favorable to the Plaintiff, and the court examines relevant state law and resolves all uncertainties in favor of the Plaintiff. Hart, 199 F.3d at 246.

Likewise, in evaluating a claim of improper joinder, the court does not focus on whether the Plaintiff will prevail on the merits of her claims. Instead, the court simply determines whether there is a reasonable possibility that the Plaintiff will be able to state a claim against the allegedly improperly joined Defendant. Rodriguez, 120 F.3d at 591; see also B., Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981) (holding that, to successfully move for remand, plaintiff's burden is "much lighter" than that required to survive motion for summary judgment; instead, there need only be "a reasonable basis for predicting that the state law might impose liability on the facts involved" in order for case to be remanded). Further, it is axiomatic that federal courts are to construe removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L. Ed. 1214 (1941).

As set forth below, the court finds that the Defendants have failed to establish that there is no reasonable possibility that the Plaintiff will be able to state a claim against Jones Ford in state court. Accordingly, federal jurisdiction is not present, and this cause shall be remanded to state court pursuant to 28 U.S.C. § 1447(c).

*C. Discussion*

Whether a plaintiff states a cognizable claim against a defendant is determined by reference to the allegations made in the plaintiff's original pleadings. Smallwood, 385 F.3d at 573. In the case

at bar, the Plaintiff alleges that the Defendant Jones Ford is liable for, *inter alia*, failing to warn the Decedent about the dangers of the subject Kia Sportage vehicle. See Complaint, para. 32-34, 58-59.

Under Mississippi law in effect at the time this lawsuit was filed, the manufacturer or seller of a product may be held liable for damages caused by that product if the product was designed in a defective manner, deviated in a material way from the manufacturer's specifications, failed to contain adequate warnings or instructions to the consumer, or was sold in a defective condition unreasonably dangerous to the consumer or to his property. See Miss. Code Ann. § 11-1-63 (1993 version); Scordino v. Hopeman Bros., Inc., 662 So.2d 640, 642-43 (Miss. 1995); O'Flynn v. Owens-Corning Fiberglas, 759 So.2d 526, 530-31 (Miss. Ct. App. 2000).[2] Here, the Plaintiff has alleged, in detail, that the Defendant Jones Ford was negligent and failed to warn the Decedent concerning the subject Kia Sportage's dangerousness. See Complaint at para. 32-34, 58-59.

In accordance with the above-cited authorities, the court finds that the Plaintiff's allegations are sufficient to potentially state a cause of action against Jones Ford in Mississippi state court. Accordingly, the court finds that the Defendants have failed to meet their burden of demonstrating that there is no reasonable possibility that the Plaintiff will be able to establish a cause of action against Jones Ford in state court.

---

[2]The parties argue over the applicability of Miss. Code Ann. § 11-1-64 to the facts of this case. At the time this suit was filed, Section 11-1-64 provided for the dismissal of products liability defendants whose liability was based *solely* on their status as sellers in the stream of commerce. Section 11-1-63, however, as it read at the time this suit was filed, provided for the imposition of liability on both sellers and manufacturers if they were negligent. Upon review of the subject statutes, the court finds that Section 11-1-64's dismissal provisions do not apply to the facts of the case *sub judice*; rather, Section 11-1-63, in its pre-September 1, 2004, incarnation, applies because Jones Ford's potential liability is not based *solely* on its status as a seller of a defective product, but rather is based on its own, independent, purported negligent conduct alleged in paragraphs 32-34 and 58-59 of the Plaintiff's complaint.

*D. Conclusion*

In sum, the Plaintiff's complaint, taking all allegations set forth as true and resolving all uncertainties of state law in favor of the Plaintiff, at least raises a reasonable possibility that she can succeed in establishing a tort claim against the Defendant Buddy Jones Ford Lincoln/Mercury, Inc. under Mississippi law.  Accordingly, Jones Ford's citizenship cannot be ignored for the purposes of determining subject matter jurisdiction.  Its presence in this civil action means that the complete diversity of citizenship necessary to maintain federal jurisdiction over this case is absent.  As such, this cause shall be remanded to the Circuit Court of Sunflower County for ultimate resolution.

A separate order in accordance with this opinion shall issue this day.

This the 15th day of September 2005.

/s/ Glen H. Davidson
Chief Judge